<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
CLIVE RUDDOCK,                    :    Hon. Faith S. Hochberg
:
           Petitioner,        :    Civil No. 13-3444 (FSH)
:
           v.                 :    **MEMORANDUM OPINION**
:
OSCAR AVILES, et al.,             :    Date: June 10, 2014
:
           Respondents,       :
_____ :

APPEARANCES:

**PERHAM MAKABI**
125-10 Queens Blvd. Suite 6
Kew Gardens, NY 11415
Attorney for Petitioner

**JOHN J.W. INKELES**
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
450 5th Street NW
Washington, DC 20001
Attorney for Respondents

<u>HOCHBERG</u>, District Judge

      This matter is before the Court upon Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.   The Petition will be dismissed.

      IT APPEARING THAT:

1. Petitioner Clive Ruddock has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his mandatory detention during removal proceedings.

2. During the pendency of this action, the Board of Immigration Appeals dismissed Petitioner's appeal. [1] *See* ECF No. 17.  Petitioner is now subject to a final order of removal.  Petitioner has filed a Petition for Review with the Second Circuit Court of Appeals but did not move to stay his removal.

3. Because Petitioner's BIA appeal has been dismissed, and Petitioner is now subject to a final order of removal as a result of that dismissal, there is no longer a live "case or controversy" regarding the original Petition, *see* U.S. Constitution, Article III, and the petition will be dismissed as moot.  *See Rodney v. Mukasey*, 340 F. App'x 761 (3d Cir. 2009); *De La Teja v. United States*, 321 F .3d 1357, 1361–63 (11th Cir. 2003); *Reyna v. Hendricks*, Civil No. 12–2665(JLL), 2012 WL 6697464 (D.N.J. Dec. 21, 2012).[2]

4. Subsequent to the BIA decision, Petitioner is now in "post-removal-order" detention which is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."  The removal period begins on the latest of the following:

   (i) The date the order of removal becomes administratively final.

   (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

   (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

---

[1] "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals."  8 C.F.R. § 1241.1(a).  During the removal period, "the Attorney General shall detain the alien."  8 U.S.C. § 1231(a)(2).

[2] As noted by the Court of Appeals for the Eleventh Circuit in *De La Teja*, 321 F.3d at 1363, because Petitioner is now subject to a final order of removal, he will not be subject to pre-removal-order detention in the future, so the narrow exception for cases that are capable of repetition yet evading review cannot apply here.

8 U.S.C. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a) (2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. *See Clark v. Martinez*, 543 U.S. 371 (2005); *Zadvydas v. Davis*, 533 U.S. 678 (2001).

5. Since the order of removal became administratively final when BIA dismissed Petitioner's appeal and since stay of the removal has not been issued, a challenge to the new period of post-removal-order detention would appear to be premature at this time.

6. Here, it appears that Petitioner has been subject to his final order of removal less than the presumptively-reasonable six-month period at this time. To state a claim under *Zadvydas*, the six-month presumptively reasonable removal period must have expired at the time the Petition is filed; any earlier challenge to post-removal-order detention is premature and subject to dismissal. *See, e.g., Rodney*, 340 F. App'x at 764–65; *Akinvale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002). Such dismissal would be without prejudice to any claim Petitioner may have cause to assert should his future post-removal-order detention become unconstitutionally prolonged.

7. Section 1231(a)(2) requires the detention of aliens during the 90–day removal period and permits detention thereafter up a presumptively-reasonable six-month period. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Once the presumptively reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that removal is not reasonably foreseeable. That is, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. *Zadvydas*, 533 U.S. at 699–701. There is no absolute entitlement to release at the end of the six-month presumptively-reasonable removal period.

8. Respondents assert that the Department of Homeland Security is in the process of obtaining travel documents to effect Petitioner's removal from the United States. *See* ECF No. 19. Petitioner has not shown that it is unlikely that he will be removed in the foreseeable future.

9. The Petition as originally filed will be dismissed as moot. To the extent that Petitioner now intends to challenge his post-removal-order detention subsequent to the BIA decision, that challenge will be dismissed without prejudice as premature. An appropriate order follows.

                                                                s/ Faith S. Hochberg
                                                               **Hon. Faith S. Hochberg, U.S.D.J.**